30650.   DOBBS *v.* THE STATE.

DECIDED NOVEMBER 17, 1944.

*Emmett Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

GARDNER, J. It will be noted that the provisions of the act creating the city court of Carrollton and providing the procedure by which the court can acquire jurisdiction for the trial of one charged with a misdemeanor were not complied with. Therefore it follows that the case must be reversed. The statute imperatively provides (unless the defendant should waive it) that regardless of whether the defendant be brought into court by means of a bench warrant issued by the judge, or by being bound over to that court by a committing magistrate, the judge, *"before the arraignment of the defendant* . . shall inquire of him whether he demands a trial by jury, and his [defendant's] response shall be endorsed on said accusation and signed by the prosecuting officer of said court." It does not appear from the record that the judge before arraignment inquired of the defendant as to whether he demanded a trial by jury, and no demand was endorsed on the accusation. It does not appear in this evidence the nature of the bond given by the defendant nor when it was given. Nor does it appear that he was bound over to the city court of Carrollton by a committing magistrate. It does appear that during the June term when the case was called for trial the defendant demanded a jury trial, coupled with a motion in the nature of a special plea to continue the case from the June term to the next succeeding (September) term. The court denied him a continuance of the case to the September term. In this judgment of denial it is our opinion that the court committed

reversible error. Since the defendant's first opportunity to demand a jury trial was at the June term, under the provisions of the statute he was entitled as a matter of right to have his case continued until the next succeeding term after having made such demand for a jury trial. If the judge, under the terms of the statute, had required that such demand be made ten days before the time of arraignment—the June term—then in such event under the provisions of the statute the case against the defendant would have been ripe for trial, otherwise not.

There is no merit in the assignment of error on the plea as to misnomer. Since the case goes back for a new trial, we do not discuss the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*